**In re Jonathan S. Titus Trust**

*Frank G. Verterano*, for petitioner.
*James R. Hankie*, for respondent.

HODGE, *J.*, March 10, 2011—This matter was before the court on February 18, 2011 for argument on preliminary objections filed on behalf of the respondent, Angela T. Koller and Stanley J. Lehman (hereinafter "Trustees").

The relevant factual background of this case can be properly summarized as follows: On May 29, 2002 a trust (hereinafter "Titus Trust") was established, wherein Jonathan S. Titus acted as the settlor and was also named the primary beneficiary under the articles of the Titus Trust. Angela T. Koller is Jonathan's mother; Angela Koller, along with her then-husband, David J. DeEulio,

was appointed as trustee. Attorney Stanley J. Lehman was named successor trustee. Angela Koller and her husband subsequently divorced and Atty. Lehman replaced David DeEulio as a trustee. When the Titus Trust was created in May of 2002, all the named parties, with the exception of Atty. Lehman, resided in Lawrence County, Pennsylvania; Atty. Lehman resided in Allegheny County, Pennsylvania and has his principle place of business there.

On November 16, 2010, a petition to terminate inter vivos irrevocable trust was filed before this court on behalf of Jonathan Titus as the settlor and grantor of said trust. The petition contends that Jonathan was induced into signing the Titus Trust agreement and that the same occurred without Jonathan being fully informed of the consequences executing the document. Since the Titus Trust was established, Jonathan himself has only received $250.00 each month, as proscribed in the document, yet Angela Koller and Stanley Lehman have received far greater sums for their services as trustees. Based on these allegations, the petition requested this court to terminate the Titus Trust, recoup the funds expended for unauthorized purposes, and remove Angela Koller and Atty. Stanley Lehman as trustees. This court subsequently issued a citation upon the trustees to show cause why the relief requested in the petition should not be granted, and a hearing was scheduled for February 18, 2011.

Preliminary objections were filed on behalf of Angela Koller and Atty. Stanley Lehman on December 1, 2010, which challenged the authority of this court to act on the petition by arguing improper venue. In their supplemental brief to the court, the trustees argue that prior to the petition to terminate being brought before

this court, Atty. Lehman filed the Titus Trust in the Court of Common Pleas of Allegheny County on October 4, 2010 at docket number 02-10-05992. The trustees filed the Titus Trust in Allegheny County after Jonathan Titus expressed his desire to terminate the trust due to ongoing concerns regarding the administration of the Titus Trust. The trustees believe that as a result of this action, filing the Titus Trust in Allegheny County, jurisdiction has been properly assumed by that court.

The petitioner responds to the trustees' preliminary objections by arguing that the preliminary objections were not properly filed as they were not verified nor endorsed with a notice to plead. A careful review of the court's file indicates that a certificate of service immediately follows the trustees' preliminary objections, and proper verification of all the pleadings have subsequently been filed by the trustees. Therefore, the court finds that the petitioner's objection has been cured.

The petitioner additionally argues that, irrespective of his objection to the trustees' preliminary objections, there is not a sufficient basis to establish that venue is proper in Allegheny County. In support of this argument, petitioner cites 20 Pa.C.S.A. §724, which was the law in effect at the time the Titus Trust was created. According to §724, if a trust instrument does not provide for the situs of the trust, the situs shall be in the county of the settlor's principle residence or in the county where any of the trustees reside. 20 Pa.C.S.A. §724(b)(1)(i). Thus, the situs of the Titus Trust at the time it was established is Lawrence County, and for the trustees to file accounting in a different jurisdiction without notice to Jonathan Titus is improper. The petitioner goes on to argue that the filing

of his petition to terminate trust and this court's response in the form of a citation soundly vests jurisdiction in this court.

The petition and the trustees have made viable arguments in support of their theory on what county is or is not the situs of the Titus Trust. However, a careful review of the applicable facts indicates that either allegheny or Lawrence County would be an appropriate venue for the Titus Trust; Allegheny County is the principle place of business of Atty. Lehman, a trustee, and Lawrence County is the residence of Angela Koller, another trustee.

The controlling statutory law states as follows:

When a Pennsylvania court has jurisdiction of any trust, testamentary or inter vivos, except as otherwise provided by law, the venue for all purposes shall be in the county where at the time being is the situs of the trust. The situs of the trust shall remain in the county of the court which first assumed jurisdiction of the trust, unless and until such court shall order a change of situs under the provisions of this chapter. 20 Pa.C.S.A. §722.

As the trust document itself fails to specify a situs, this court therefore, looks to 20 Pa.C.S.A. § 7708 for further guidance. Section 7708 provides:

If the trust instrument does not specify a situs:

(2) The situs of an inter vivos trust whose settlor is domiciled in this Commonwealth when the trust becomes irrevocable or, in the case of a revocable trust, when the first application is made to a court concerning the trust shall be:

(i) during the settlor's lifetime, either in the county of the settlor's principle residence or in the county in which any of the trustees resides or has a place of business 20 Pa.C.S.A. § 7708(b)(2)(i).

Although the court recognizes that the Titus Trust was filed in Allegheny County prior to this court issuing a citation, this action was completed without proper notice to Jonathan Titus as the beneficiary.[1] The petition to terminate clearly indicates that the Titus Trust's original situs was Lawrence County, as all of the original trustees lived here. In addition to 60 days notification, a trustee can transfer a trust's situs only if all the qualified beneficiaries consent in writing to the change or court approval. 20 Pa.C.S.A. § 7708(c)-(e).

Given Jonathan Titus' preference, as both the settlor and the primary beneficiary, for this court to exercise jurisdiction over this case, the court finds that it is unnecessary for Allegheny County to exercise jurisdiction over the case.

The court will issue the following order in accordance with this opinion.

## ORDER OF COURT

And now, March 10, 2011, this case being before the court on February 18, 2011, on preliminary objections raising questions of improper venue filed on behalf of the respondents, Angela T. Koller and Atty. Stanley J. Lehman, and with James R. Hankie, Esquire appearing and representing the respondents, and with Frank G. Verterano,

---

1. Proper methods of notice are specifically outlined at 20 Pa.C.S.A. § 7709.

Esquire, appearing and representing the petitioner, and the court having completed a thorough review of the record as well as the briefs filed on behalf of the respective parties, the court makes the within findings of facts and orders, adjudges and decrees as follows:

1. The preliminary objections filed on behalf of the trustees, Angela Koller and Atty. Stanley Lehman, are dismissed.

2. This matter shall proceed according to the rules and regulations of the orphans' court of Lawrence County, Pennsylvania.

3. A hearing on the petition of settlor or grantor to terminate inter vivos irrevocable trust and for other relief is scheduled for the 13th day of May, 2011 at 9:30 o'clock a.cm. in courtroom No. 4 of the Lawrence County Government Center, 1/2 day reserved status.

4. The clerk of the orphan's court shall serve notice of this order and opinion upon counsel of record for the parties and any party not represented by counsel at their last known address as contained in the court's file.